# United States District Court
### for the
### Western District of New York

| | |
|---|---|
| United States of America ) | |
| ) | |
| v. ) | Case No. 12-MJ- 4151 |
| ) | |
| DAWN M. NGUYEN ) | |
| ) | |
| _Defendant_ ) | |

## CRIMINAL COMPLAINT

I, __SEAN J. MARTINECK__, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of __June 6, 2010__ in the county of __Monroe__ in the Western District of New York, the defendant violated __18__ U.S.C. § __922(a)(6)__, an offense described as follows:

did knowingly, willfully and unlawfully make a false statement with regard to a material fact, in connection with the purchase of firearms from a federal firearms licensee.

**SEE ATTACHED AFFIDAVIT OF SPECIAL AGENT SEAN J. MARTINECK**

This criminal complaint is based on these facts:

X  Continued on the attached sheet.

_Complainant's signature_

S/A SEAN J. MARTINECK, ATF
_Printed name and title_

Sworn to before me and signed in my presence.

Date: December 28, 2012

_Judge's signature_

City and State: ROCHESTER, NEW YORK

HON. MARIAN W. PAYSON
_Printed name and title_

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

   vs.

DAWN M. NGUYEN,

     Defendant.

12-MJ- 4151

**AFFIDAVIT**

---

STATE OF NEW YORK )
COUNTY OF MONROE ) SS:
CITY OF ROCHESTER )

**I, Sean J. Martineck, affirm to the following facts:**

1. I am a Special Agent with the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms, & Explosives (hereinafter ATF), and am assigned to the Rochester, New York Field Office. Your affiant is a graduate of the ATF National Academy and the Criminal Investigator School located at the Federal Law Enforcement Training Center in Glynco, Georgia. Apart from firearms training, we were also instructed in the recognition of various controlled substances. Your affiant has been employed as an ATF Special Agent for approximately eleven (11) years. Your affiant has been involved in well over five hundred (500) firearms and narcotics trafficking investigations and has participated in well over five hundred (500) federal and state search warrants involving firearms and narcotics. I am currently assigned to the Rochester Police Department's Firearms'

Suppression Unit and Violent Crime Team. In the course of my duties as an ATF Agent, I have also assisted in six (6) state and two (2) federal narcotics wiretaps. I have participated in over 300 search warrants where narcotics were seized, including cocaine, cocaine base, and marijuana. As such, I have become familiar with the appearance of all types of packaging used in street level sales of narcotics. Moreover, prior to becoming an ATF Agent, I was employed as a United State Probation Officer for approximately 4 years, where I handled numerous firearm and drug related cases.

2. This affidavit is submitted in support of a criminal complaint against Dawn NGUYEN for violation of Title 18, United States Code, Section 922(a)(6), that is, knowingly making a false statement with regard to a material fact, in connection with the purchase of a firearm from a Federal Firearms Licensee (hereinafter FFL). This affidavit is made upon information and belief, the source of which is your affiant's personal involvement as the lead Federal Agent in this investigation, and a review of official documents and discussions with other law enforcement officers.

3. On December 24, 2012, at approximately 11:58 A.M., your affiant and ATF Special Agent Patrick Hoffmann, while assisting

members of the Webster Police Department and New York State Police (NYSP) with a murder/suicide investigation, in which two firefighters were killed, processed several firearms as they lay within several feet of the deceased body of William Spengler. Agents determined two (2) of the guns found at this crime scene, on Lake Road in Webster, were described as follows: a Bushmaster, .223 caliber semi-automatic rifle, Model XM15-E2S, bearing serial number BFI650937; and a Mossberg 12 gauge shotgun, Model 500, bearing serial number T546254. Also found in close proximity to the deceased was an apparent suicide note, in which Spengler makes reference to obtaining and possessing a Bushmaster and Mossberg.

4. Within thirty (30) minutes your affiant caused a trace to be completed by the ATF National Tracing Center of these two (2) firearms. An ATF Firearms Trace will usually, if the records are available, provide ATF Agents of the name of a person and Federal Firearms Licensee ("FFL") involved in a sale and/or transfer of a particular firearm. This is due to the unique serial number identifier associated with individual firearms. Several hours later, a completed ATF Trace revealed the above-referenced two (2) firearms were purchased on June 6, 2010, by Dawn NGUYEN, from Gander Mountain (FFL), located on Jay Scutti Road, Rochester, New York.

5. On December 24, 2012, at approximately 8:00 P.M., NYSP Investigator Thomas Crowley conducted a non-custodial interview of Dawn NGUYEN at her residence in Greece, New York. During this interview, NGUYEN admitted to purchasing the above listed firearms from Gander Mountain in 2010. She further admitted that William Spengler accompanied NGUYEN to Gander Mountain and picked out the firearms NGUYEN purchased. NGUYEN stated she purchased the firearms for personal protection and that they had since been stolen from her vehicle. The firearms however, were never reported as stolen.

6. On December 25, 2012, NYSP Investigators were contacted by Monroe County Sheriff's Deputy Vincent Petralis. Petralis advised that while in an off duty capacity, he had received several text messages from a person known to him as Dawn NGUYEN. In these texts NGUYEN referenced the incident on Lake Road in Webster, New York, in which the firefighters were killed. She later phoned Petralis and admitted that she purchased the guns for the guy who was her old neighbor. This admission is consistent with information contained in the apparent suicide note in which Spengler refers to obtaining the guns from his neighbor's daughter. NGUYEN further admitted in the texts that the guns were purchased two years ago from Gander Mountain.

7. On December 27, 2012, ATF Special Agent William Clark secured ATF Form 4473 (Firearm Transaction Record) completed by NGUYEN on June 6, 2010 at Gander Mountain (FFL). NGUYEN's signature appears in the certification section of the form. Your affiant has reviewed this form and notes NGUYEN identified herself to the FFL using her New York State Driver's license. Your affiant also notes that in completing the form, NGUYEN answered "Yes" to question "11 a." : "Are you the actual transferee/buyer of the firearm(s) listed on this form? Warning: You are not the actual buyer if you are acquiring the firearm(s) on behalf of another person. If you are not the actual buyer, the dealer cannot transfer the firearm(s) to you." Since NGUYEN, in fact, acquired the firearms on behalf of Spengler, this statement is and was, false, and NGUYEN knew it to be false. This statement also deceived the FFL into making the sale of the firearms, which otherwise would have been prevented.

8. Based on this information, your affiant submits probable cause exists that Dawn NGUYEN did knowingly make a false statement regarding a material fact in connection with the

purchase of a firearm from a federal firearms licensee, in violation of Title 18, United States Code, Section 922(a)(6).

_____
Sean J. Martineck
ATF Senior Special Agent

Subscribed and sworn to before
me this 28 day of December 2012.

_____
Honorable Marian W. Payson
United States Magistrate Judge