UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                          Plaintiff,

                                                                     <u>DECISION AND ORDER</u>

                                                                       13-CR-6044L
                                                                       16-CV-6737L

                    v.

DAWN NGUYEN,

                          Defendant.
_____

       Dawn Nguyen ("Nguyen"), pursuant to a plea of guilty, was convicted of three counts of an indictment, charging firearms offenses. She was sentenced to a total term of 96 months of imprisonment. Familiarity with the underlying facts–which involve the fatal shooting of several firefighters in Webster, New York on December 24, 2012, by an assailant, William Spengler, who was armed with guns that had been purchased and provided to him by Nguyen–is assumed.

       Now represented by her third attorney, Nguyen has filed a motion to vacate (Dkt. #90)[1], pursuant to 28 U.S.C. § 2255. She requests that she "be sentenced within the guidelines range." (Dkt. #90 at 13).

       Defendant's motion is denied. The motion raises issues that either have already been raised and decided by the Court of Appeals for the Second Circuit on Nguyen's direct appeal, or that could have been raised on direct appeal. The motion also fails to establish any constitutional violation in the first place. The Court further denies a certificate of appealability, since Nguyen has not made a substantial showing of the denial of a constitutional right.[2]

---

[1] Document numbers reference filings in Nguyen's criminal case, 13-CR-6044.

[2] The Court denies the motion without a hearing. Although Nguyen originally sought a hearing, in her reply (Dkt. #95), she withdrew that request, contending that the matters at issue here presented only questions of law. (Dkt. #95 at 2.)

## BACKGROUND

The background facts are not in dispute. Defendant was indicted and charged with three firearms-related offenses: making a false statement in relation to the acquisition of a firearm; disposing of a firearm to a convicted felon; and possession of a firearm by an unlawful drug user. (Dkt. #9.) Nguyen pleaded guilty on June 26, 2014 to all three counts, without a plea agreement. (Dkt. #66.) During a thorough and extensive plea colloquy, defendant was advised of the potential sentence she could receive under the United States Sentencing Guidelines ("Guidelines"), as well as the maximum statutory penalties that could be imposed.

Nguyen appeared before this Court for sentencing on September 17, 2014, at which time she was sentenced principally to a 96-month term of imprisonment on each count, to run concurrently with each other and with a previously-imposed New York State court sentence, on related charges. The Guideline range was 18 to 24 months, but in a lengthy sentencing proceeding, this Court set forth in detail its reasons for imposing a non-Guideline sentence of 96 months. The Government has included the transcript of that sentencing proceeding as an exhibit to its response to defendant's § 2255 motion. (Dkt. #94-1.)

Defendant, represented by new assigned counsel, appealed from the judgment and sentence. In that appeal, Nguyen raised essentially the same arguments now raised in her present § 2255 motion: in sum and substance, that the non-Guideline sentence imposed by this Court was procedurally erroneous and substantively unreasonable. The Court of Appeals rejected those arguments and affirmed the judgment and conviction in all respects, by Decision entered December 16, 2015. 622 Fed.Appx. 89. The Second Circuit's mandate was issued shortly thereafter, affirming the judgment of this Court. (Dkt. #87.)

Nguyen, now represented by a new attorney, filed a motion in the Court of Appeals to withdraw that court's mandate on March 29, 2016. (2d Cir. Case 14-4191, Dkt. #126.) She argued in that motion, as she now does in her § 2255 motion, that this Court's sentence was

procedurally unreasonable and that the enhanced sentence was impermissibly based on "vicarious liability." Nguyen's motion to withdraw the mandate was denied by the Second Circuit on April 12, 2016. (Dkt. #136.)

As stated, in her § 2255 motion now pending in this Court, Nguyen makes essentially the same arguments: that the Court's upward departure was improper and that, because it was allegedly based on "vicarious criminal liability," her rights to due process were violated. As mentioned, the relief sought in the present motion is not that her conviction itself be vacated, *in toto*, but only that she be resentenced within the original Guideline range.

## DISCUSSION

As the Second Circuit has stated, § 2255 was never intended to provide a substitute for direct appeal, nor is it a vehicle to reargue matters that were raised and decided on direct appeal. *See United States v. Munoz*, 143 F.3d 632, 637 (2d Cir. 1998) (a "motion under § 2255 is not a substitute for an appeal"); *United States v. Perez*, 129 F.3d 255, 260 (2d Cir. 1997) ("A § 2255 motion may not relitigate issues that were raised and considered on direct appeal").

Proceeding from those general principles, I conclude that defendant's motion is subject to denial on a number of grounds. First, to obtain relief pursuant to § 2255, a defendant must establish "a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Bokun*, 73 F.3d 8, 12 (2d Cir. 1995) (internal quotation marks and citation omitted). *See also Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (2255 petitioner must demonstrate "an error of constitutional magnitude"; a sentence "outside the statutory limits"; or "an error of fact or law that was so fundamental as to render the entire proceeding invalid"). Defendant has not made, and cannot make, any such showing here.

Even a cursory review of defendant's § 2255 motion shows that the essence of her claim is that the Court's non-Guideline sentence was procedurally and substantively erroneous. As indicated above, this is not the first time that defendant has made that argument. The Second Circuit seemingly put this issue to rest in its decision affirming this Court's sentence on direct appeal. The parties are undoubtedly familiar with the Court of Appeals' December 16, 2015 decision, but that decision bears repeating because it directly deals with matters now raised, once again, by defendant.

First, the Second Circuit expressly found that "Nguyen fail[ed] to establish that the district court committed any procedural error." 622 Fed. Appx. at 90. The Court of Appeals reviewed the record and held that "the district court [had] a sufficient basis to invoke an upward departure" under the Guidelines. *Id.*

The Second Circuit also held that this Court appropriately weighed all the relevant factors in determining whether the Sentencing Guidelines sufficiently accounted for the severity of Nguyen's conduct. Based on that finding, the Circuit found that the district court properly considered whether an upward departure was warranted pursuant to § 5K2.1(providing for an upward departure for conduct that led to death) or § 5K2.2 (providing for an upward departure for conduct that led to significant physical injury). The Circuit went on to find that death and significant physical injury "unquestionably resulted from Nguyen's crimes." In its conclusion, the Court of Appeals set forth the "sound reasons for the district court to deviate from the Guidelines":

> Nguyen (i) knew that Spengler had previously been convicted of killing his grandmother with a hammer, (ii) knew that Spengler had voiced an intent to kill his sister, (iii) believed Spengler to be "crazy," and (iv) lied to police about being a straw man purchaser for Spengler. Thus, Nguyen's conduct falls well outside the heartland of straw man purchase cases. On this record, the district court sentence of 96 months' imprisonment is within the range of permissible decisions.

622 Fed. Appx. at 91 (internal quotes omitted).

In light of these unequivocal statements from the Second Circuit, little else need be said here. Defendant raised all these sentencing issues when she requested that the Circuit withdraw its mandate, and that request was summarily denied. Defendant's present motion is nothing more than an effort to reargue and relitigate issues that were raised on direct appeal and decided adverse to defendant.

Defendant makes a feeble effort to argue that cases decided after Nguyen's sentence warrant the requested relief. Such an argument was advanced by defendant in the motion to recall the mandate, *see* 2d Cir. Dkt. #126, but that argument obviously gave the Court of Appeals no pause, as the court summarily denied the motion, *see* 2d Cir. Dkt. #136.

In any event, the so-called new evidence or case law is inapposite to the case at hand. The cited authority, *Burrage v. United States,* __ U.S. __, 134 S. Ct. 881 (2014), and *United States v. Volkman,* 797 F.3d 377 (6th Cir.), *cert. denied*, 136 S.Ct. 348 (2015), relates to narcotics distribution charges and the propriety of imposing an enhanced sentence authorized by statute if death or serious injury occurred as a result of the use of the drugs in question. 21 U.S.C. § 841(b)(1)(A)-(C). The Supreme Court in *Burrage* applied a but-for test, holding that "at least where use of the drug distributed by the defendant is not an independently sufficient cause of the victim's death or serious bodily injury, a defendant cannot be liable under the penalty enhancement provision of 21 U.S.C. § 841(b)(1)(C) unless such use is a but-for cause of the death or injury." 134 S.Ct. at 892. The standard of proof required under *Burrage* is proof beyond a reasonable doubt. *See Burrage*, 134 S. Ct. at 887 ("Because the 'death results' enhancement increased the minimum and maximum sentences to which Burrage was exposed, it is an element that must be submitted to the jury and found beyond a reasonable doubt").

The present case does not involve statutory requirements in a drug-distribution prosecution, but a sentencing departure under the Guidelines, governed by a preponderance-of-the-evidence standard. The relevant factors and the analysis are significantly different.

Defendant claims that her cited authority "strongly suggest[s] that courts must consider proximity in time before making a determination that one event 'results from' another ... ." (Dkt. #90-1 at 3). But again, whether the authority cited stands for that proposition, in the context of a criminal drug charge and statutory penalties, is of no moment in this case, involving sentencing issues under the Guidelines. As mentioned above, the Second Circuit's affirmance of this Court's previously-imposed sentence effectively ends the matter.

As the Court of Appeals succinctly, if bluntly, put it: "Death and significant physical injury unquestionably resulted from Nguyen's crimes." 622 Fed. Appx. at 90. I see no basis to revisit the Court's sentence. Defendant's motion is denied.

## CONCLUSION

Defendant's Motion to Vacate (Dkt. #90) pursuant to 28 U.S.C. § 2255 is in all respects denied.

I deny a certificate of appealability because defendant in this motion has failed to make a substantial showing of the denial of a constitutional right.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
April 19, 2017.