UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                      Plaintiff,

        v.

DAWN NGUYEN,

                      Defendant.
_____

DECISION AND ORDER

13-CR-6044L

      In September 2014, this Court sentenced the defendant Dawn Nguyen ("Nguyen") principally to a term of 96 months imprisonment based on her guilty plea to a three-count Indictment involving various firearm offenses. Nguyen is currently housed at FPC Alderson and her expected release date, with good time, is in approximately June 2021.

      Nguyen previously filed a motion, *pro se*, seeking release from custody pursuant to 18 U.S.C. § 3582(c)(1)(A) based on her health concerns because of the pandemic caused by the COVID-19 virus. In a Decision and Order filed July 29, 2020 (Dkt. #109), the Court listed its several reasons for denying Nguyen's motion for compassionate release.

      Nguyen has now filed a motion (Dkt. #110) and an Addendum (Dkt. #112), *pro se*, requesting that this Court reconsider its prior Decision of July 29, 2020 denying Nguyen's motion for compassionate release.

      I have carefully considered Nguyen's motion to reconsider and Addendum. The medical issues referenced there were the basis of Nguyen's original motion and no new medical evidence has been presented. The Court did consider Nguyen's medical conditions in its previous Decision and

found, as I now do, that those conditions are not of a nature to place Nguyen at a significantly higher risk for infection. Nguyen and other inmates have been at FPC Alderson for a significant time and that facility has apparently taken significant steps and followed appropriate procedures to reduce the risk of spreading the virus.

Nguyen couches some of her present argument in terms of a potential Eighth Amendment violation, but I find that argument to be without merit. The application made by Nguyen was based on a statute which provided the potential for compassionate release if the inmate carried her burden of establishing extraordinary and compelling reasons to modify a previously imposed sentence. I found previously that Nguyen failed to carry that burden and I see no basis now to change that original Decision.

## CONCLUSION

Defendant Dawn Nguyen's motion (Dkt. #110) for reconsideration of this Court's prior Decision and Order (Dkt. #109) denying compassionate release is in all respects DENIED.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       September 30, 2020.